**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

August 19, 2021

Ms. Garen Marshall, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
271 Cadman Plaza East, 4th Floor
Brooklyn, N.Y. 11201

U.S.A. v. Ibn Cheatham, 21 CR 0422 (EK)

Dear Mr. Marshall:

Please accept this letter in lieu of a formal motion for discovery and particulars. In accordance with the Federal Rules of Criminal Procedure 5(f), 16, 16.1, 7(f), 12(c) and 12(d), and Federal Rules of Evidence 104, 403, 404, 608 and 609, I ask on behalf of the defendant for the right to receive, duplicate, discover and inspect each of the following:

*DISCOVERY*

1.  Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(A); *Bruton v. U.S.*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1967), and *U.S. v. Percevault*, 490 F.2d 126 (2d Cir. 1974):

    (a) please provide and permit me to inspect and copy or photograph any relevant written, recorded or oral statements made by the defendant, co-defendants, and/or alleged co-conspirators (whether indicted or unindicted), or copies thereof, including but not limited to tapes, transcripts or verbatim notes memorializing the words of the defendant, and also including but not limited to any statement which the defendant made orally or in writing or which bears the defendant's signature or the designation of any company or business allegedly controlled by the defendant relating in any way to a report as defined in 31 U.S.C. §5316(b), which are in the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and if so, please state the names of any and all individuals who made the written or recorded statements or who were present when the statements were made, and also please provide all agents' reports containing the substance of any such statements;

(b)  please state whether any statements were obtained through the use of electronic surveillance, and if so, provide copies of any and all warrants for such surveillance, sealing orders, supporting affidavits and reports of returns on the warrants connected with this case, whether or not any arrests, seizures, or electronic surveillance were made as a result of the applications;

(c)  please provide and permit me to inspect and copy or photograph all reports or memoranda in the possession of the government which memorializes the substance of any oral statement which the government intends to offer in evidence at the trial in any way, including impeachment, made by the defendant, co-defendants, and/or any indicted or unindicted alleged co-conspirators whether made before or after arrest in response to interrogation by any person then known to the defendant, co-defendant and/or alleged co-conspirator to be a government agent, and indicate when such statements were made, who was present at the time, whether *Miranda* warnings were given and the names of any individuals to whom these statements were made, and please provide all of the above for any such statements which the government knows of but does not intend to offer; and

(d)  please indicate whether the government is in possession of any statements made by persons other than the defendant which it intends to offer under an exception to the hearsay evidentiary rules or which might possibly draw an objection to admissibility based upon such rules.  Please indicate the substance of any such statements and the theory under which the government contends they are admissible.

2.     Pursuant to Federal Rules of Criminal Procedure 16(a)(1)(B), Federal Rules of Evidence Rules 403, 404, 608 and 609, *U.S. v. Figueroa*, 618 F.2d 934 (2d Cir. 1980), *U.S. v. Mohel*, 604 F.2d 748 (2d Cir. 1979), *U.S. v. Lyles*, 593 F.2d 182 (2d Cir. 1979), *U.S. v. Manafzadeh*, 592 F.2d 81 (2d Cir. 1979), *U.S. v. O'Connor*, 580 F.2d 38 (2d Cir. 1978), *U.S. v. DeVaughn*, 579 F.2d 225 (2d Cir. 1978), *U.S. v. Benedetto*, 571 F.2d 1246 (2d Cir. 1978):

(a)  please provide a legible copy of the defendant's prior criminal record, if any, including but not limited to a legible copy of the F.B.I. report or N.Y.S.I.I.S. report of defendant's prior criminal record, if any; and

(b)  please state whether the government intends to offer evidence of prior or subsequent criminal or bad acts pursuant to Federal Rule of Evidence 404(b) in connection with this case, whether of the defendant or any other person, and if so, please provide the particulars of those acts including time, date, and exact location of the commission of the acts, a description of the acts, and whether any legal, court, or administrative proceedings resulted, and if so, in what court and with what result, and if not, why not.

3.     Pursuant to Federal Rules of Criminal Procedure Rule 16(a)(1)(c) and 12(c), and *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), *Mincey v. Arizona*, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978), *Manson v. Brathwaite*, 432 U.S. 98, 97

S.Ct. 2243, 53 L.Ed.2d 140 (1977), *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), *Simmons v. U.S.*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), *U.S. v. Chadwick*, 532 F.2d 773 (1st Cir. 1976), aff'd 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), please provide copies or permit me to inspect and photograph the following:

      (a)  all books, papers, documents, photographs, drawings, film, video tape, tangible objects, buildings or places, personal effects taken from the location of the arrest or taken from or belonging to the defendant or any co-defendant or alleged indicted or unindicted co-conspirator, and any other physical evidence which is in the possession, custody or control of the government or its agents, which are material to this case, or trial, or which might be material to the defendant's defense, or which are intended for use by the government as evidence at trial, or which were obtained from or belonging to the defendant or co-defendants;

      (b)  if any evidence obtained was taken from the defendant or belongs to the defendant, state whether it was taken pursuant to a warrant, and if so please attach copies of all such warrants, supporting affidavits and reports of returns on all such warrants and provide the names of any officers involved, and the date, time and exact location of any such seizures;

      (c)  if any evidence obtained was taken from the defendant or belongs to the defendant and was not taken pursuant to a warrant, please provide the names of any agents or officers involved, the date, time, and exact location of any such evidence seized, and state how it was packaged at the time of seizure;

      (d)  the exact location where each item was allegedly seized;

      (e)  if, during the course of the investigation of this matter, the defendant's photograph, likeness, or image was exhibited to anyone not then employed by a law enforcement agency, please state the date, time and place of each occurrence, a description of the identification procedure used, and the names of the persons including counsel who were present; and

      (f)  As to any electronic surveillance, communications, or the like, please provide the following (obviously to the extent that the government has not already done so):

      (i) all records or materials concerning cached emails that may have been acquired by the government from the defendant, possible co-conspirators or any third party in connection with this case, including but not limited to wire or electronic communications that are in electronic storage in an electronic communications system, and also including but not limited to any applications, orders, warrants, and subpoenas that were prepared in connection with this case (18 U.S.C. § 2703(D));

      (ii) all records or materials concerning Internet Protocol ("IP") addresses of web sites the defendant visited and the to/from addresses of the defendant's emails that the

government has obtained, including but not limited to copies of any applications, orders, warrants, and subpoenas that were prepared in connection with this case (18 U.S.C. §§ 3122, 3123);

(iii) all records or materials concerning the full Uniform Resource Locators ("URLs," or web addresses) visited by the defendant, and the total volume of information transmitted to or from the defendant's account that the government has obtained in relation to this case; and

(iv) all other material, including any forensic reports, and chat, text, or instant messaging data that was obtained as a result of digital searches and seizures, whether with or without a warrant or subpoena.

4. Pursuant to Federal Rules of Criminal Procedure Rule 16(a) (1)(D) and (E), please disclose or provide:

(a) with regard to any expert witness the government intends to call at trial, the name of the witness and his or her qualifications;

(b) a written summary of the witness's expected testimony;

(c) a written summary of the bases for the witness's testimony, including any hearsay used by the witness in forming his or her opinion; the authorities, treatises, witnesses and other experts consulted by the witness in forming his or her opinion; any written or oral reports, tests, investigations and any other information permitted by Federal Rule of Evidence 703 as the basis for an opinion; and

(d) copies, or permit me to inspect and copy the results or reports of any scientific tests and experiments or computer analyses, including physical or mental examinations and reports thereof, in the possession, custody or control of the government or its agents, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government, which may be material to the preparation of the defense case or are intended for use by the government at trial.

5. Pursuant to *U.S. v. Giglio*, 405 U.S. 150, 92 S.Ct. 763, 321 L.Ed.2d (1972), *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), *U.S. v. Cannone*, 528 F.2d 296 (2d Cir. 1975), *U.S. v. Percevault*, 490 F.2d 170 (9th Cir. 1973), *U.S. v. Richter*, 488 F.2d 170 (9th Cir. 1973), *U.S. v. Baum*, 482 F.2d 1325 (2d Cir. 1973) and Federal Rules of Evidence 608 and 609, please provide:

(a) a list of witnesses the government intends to call at trial, including the names and addresses of all persons said to have been present at or to have personal knowledge of any

statements or actions of the defendant and their addresses, agency affiliation (if relevant) and criminal record, if any;

      (b)  copies of prior statements of witnesses or reports of agents or reports of any social service agency related to this case;

      (c)  the names and addresses of any person present during any part of the commission of any of the acts alleged in the indictment or complaint whom the government does not intend to call as a witness; and

      (d)  copies of any "letter agreements" entered into, or any other agreement made, between the government or its agents and any prospective witness offering assistance to the witness in obtaining leniency in any court, or lack of prosecution or arrest, or any other favorable treatment or consideration for the efforts made in connection with any aspect of this case by the witness.

      6.  Pursuant to *U.S. v. Giglio*, 405 U.S. 150, 92 S.Ct. 763, 321 L.Ed.2d 104 (1972), *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), *McCray v. Illinois*, 386 U.S. 300, (1967), *U.S. v. Turbide*, 558 F.2d 1053 (1977), *Rovario v. U.S.*, 299 F.2d 812 (2d Cir. 1957), please state:

      (a)  whether any government informant is alleged to have participated in any of the acts alleged in the indictment, and the names and addresses of any and all such persons;

      (b)  whether any government informant is alleged to have been present during any of the acts alleged in the indictment, and the name and address of any and all such persons;

      (c)  whether any government informant has provided any information which led to the arrest of the defendant;

      (d)  if the answer to (a), (b) or (c) above is "yes", please state:

          1) whether the informant was registered or not;

          2) whether the informant has worked for the government in the past;

          3) whether the informant has a prior criminal record and if so, provide it;

          4) whether the informant was paid for his or her efforts in this case and if so, how much;

5) whether the informant has any pending cases anywhere, and if so, whether any assistance or consideration was offered or is intended by the government to be offered on behalf of
the informant with respect to any pending case the informant has;

(e)  whether any government informant provided probable cause for the arrest or apprehension of the defendant or seizure of evidence, and if so please make that person available for an *in camera* inspection by the court; and

(f)  copies of any "letter agreements" entered into, or any other agreement made, between the government or its agents and any prospective informant offering assistance to the informant in obtaining leniency in any court, or lack of prosecution or arrest, or any other favorable treatment or consideration for the efforts made in connection with any aspect of this case by the informant.

7. Pursuant to the Constitutional requirements of *U.S. v. Agurs,* 427 U.S. 97 (1976), *Giles v. Maryland*, 386 U.S. 66 (1967), and *Brady v. Maryland*, 373 U.S. 83 (1963), please provide any exculpatory or favorable evidence or information, or any evidence or statements of anyone which may be favorable to the defendant or which may tend to exonerate him, which is in the possession or control of the government or its agents, or, if unknown, can by due diligence become known or acquired by the government, or its agents, including, but not limited to, the following:

(a)  copies of any statement or the substance of any oral statements made by any prospective government witness, or by any co-defendant or alleged indicted or unindicted co-conspirator or by any other person, which is exculpatory of or favorable to the defendant, or which is inconsistent with any fact the government alleges with respect to the charges in the indictment;

(b)  copies of any statements or the substance of any oral statements made at any time by the defendant in which he or she refused to participate in the acts alleged;

(c)  copies of any reports of mental illness, drug use, excessive alcoholism, or any medical condition (physical or psychological or psychiatric) of any prospective government witness or informant which would affect the ability to observe or remember an observed fact or might show such witness's bias, partiality or incompetence;

(d)  reports of any statement by any prospective witness or agent or informant who, having been in a position to observe the defendant in a location relevant to the commission of the alleged crimes, failed at a later date to identify the defendant as the person who was in that location;

6

   (e)  copies of any prospective government witness's criminal record, including but not limited to a copy of the N.Y.S.I.I.S. "rap sheet" and the F.B.I. record, and if there is a record, please provide it one month prior to trial so that supporting documents can be subpoenaed, and in addition please specify if the witness has committed an alleged prior bad act which did not result in a conviction;

   (f)  any government report on any witness's uncharged criminal behavior; and

   (g)  any other information about any prospective government witness or informant which impeaches his or her credibility by demonstrating interest, motives, prejudices, hostilities, and means for obtaining knowledge or associations.

  8. If and to the extent that any information requested above is unavailable now but becomes available in the future, please consider these requests as ongoing and provide me with the new information as soon as it becomes available.

         Sincerely,

         /s/

         Douglas G. Morris

         Assistant Federal Defender
         (718) 330-1209

cc: Clerk of the Court

   Mr. Ibn Cheatham