

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

PTH:GSM
F. #2021R00235

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 24, 2021

<u>By ECF and Email</u>

The Honorable Eric M. Komitee
United States District Judge
United States District Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Ibn Cheatham
              <u>Criminal Docket No. 21-422 (EK)</u>

Dear Judge Komitee:

      The government respectfully writes in response to the Court's August 20, 2021 Order in the above-captioned matter, directing the government to "submit a letter . . . indicating the basis for the protective order it seeks." As the Court is aware, the government submitted a proposed protective order, with defense counsel's consent, on August 18, 2021 (the "Proposed Order"). <u>See</u> Dkt. No. 9.

      Previously, on August 12, 2021, the defendant was charged by sealed indictment with kidnapping, committing physical violence in furtherance of an extortion, and possessing and brandishing a firearm during a crime of violence, in violation of Title 18, United States Code, Sections 1201(a)(1), 1951(a), 924(c)(1)(A)(i), and 924(c)(1)(A)(ii), respectively. He was arraigned the following day before the Honorable James R. Cho, United States Magistrate Judge, Eastern District of New York. Judge Cho issued a permanent order of detention. <u>See</u> Dkt. No. 7.

      The charges against the defendant arise from a February 2, 2021 incident in which the defendant invaded his victim's home, and then viciously beat, pistol-whipped, extorted, and kidnapped the victim. The defendant's attack caused the victim to suffer life-threatening injuries that required the victim to undergo an emergency craniotomy. Accordingly, many of the materials subject to discovery in this case include sensitive information regarding the victim and various witnesses, including financial, location and medical data. Additionally, the search warrant affidavits all include information regarding

law enforcement investigative techniques and, further, the investigation of the defendant's misconduct is ongoing.

In light of the sensitive nature of the materials described above, Paragraph 2 of the Proposed Order states, in relevant part:

> Any documents, material, or information may be designated sensitive discovery material only upon a good-faith belief by the government (or defense counsel as it pertains to reciprocal discovery) that such materials contain: identifying information for any potential witness, victim or individual not a party to this litigation; sensitive information of a victim or of a witness; law enforcement sensitive information; information that could implicate the safety of others; or information that could impede an ongoing law enforcement investigation.

This text provides that the government may, "only upon a good-faith belief," designate materials as sensitive which contain the listed categories of information. Identical or similar wording has been included in previous protective orders authorized by judges in the Eastern District of New York. See, e.g., United States v. David Yu et al., 21-CR-192 (CBA) (Dkt. No. 33); United States v. Moeleek Harrell et al., 20-CR-239 (BMC) (Dkt. No. 435).

Accordingly, the government respectfully submits that the specific facts of the case, outlined above, provide an adequate basis for the Proposed Order.

Respectfully submitted,

JACQUELYN M. KASULIS
Acting United States Attorney
Eastern District of New York

By: /s/
Garen S. Marshall
Assistant U.S. Attorneys
(718) 254-6569

Attachment

cc:   Clerk of Court (EK) (by ECF)
      Defense Counsel (by email)