PTH:GSM
F. #2021R00235

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | STIPULATION & PROTECTIVE ORDER |
| - against - | |
| IBN CHEATHAM,<br>       also known as "GeeCrillz"<br><br>              Defendant. | 21 CR 422 (EK) |

- - - - - - - - - - - - - - - - - X

IT IS HEREBY STIPULATED AND AGREED by and between the above-captioned parties, through the undersigned counsel, and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

1. Any and all discovery material designated by the government as "sensitive discovery material" and produced to defendant IBN CHEATHAM (the "defendant") by the government in the above-captioned case, and any and all copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material, shall not be further disseminated by the defendant or counsel for the defendant ("defense counsel") to any individuals, organizations or other entities, other than members of the legal staff of defense counsel or experts, vendors, interpreters, consultants, and/or investigators retained or used by defense counsel in this case ("Defense Counsel's Legal Staff"), who shall be bound by the entirety of this Stipulation and Order, without further order of the Court;

2. Any documents, material, or information may be designated sensitive discovery material only upon a good-faith belief by the government (or defense counsel as it pertains to reciprocal discovery) that such materials contain: identifying information for any potential witness, victim or individual not a party to this litigation; sensitive information of a victim or of a witness; law enforcement sensitive information; information that could implicate the safety of others; or information that could impede an ongoing law enforcement investigation.  If the government and defense counsel do not agree that certain material should be designated as sensitive discovery material, defense counsel may provide notice to the government and an explanation regarding why the defendant does not believe the materials require treatment as sensitive discovery material.  To the extent the parties do not agree, any party—upon providing notice of the intent to make such an application—may apply to the Court to determine whether the material should be treated as sensitive discovery material.  Nothing in this paragraph shall preclude defense counsel, after consultation with the government, from making an application to the Court on an *ex parte* basis or otherwise in connection with the government's designation.  The defendant shall treat the material as sensitive discovery material pending any determination by the Court;

3. Each of the individuals to whom disclosure is authorized in paragraph 1, that is, members of Defense Counsel's Legal Staff, shall be provided a copy of this Stipulation and Order and will be advised that he, she, or they shall not further disseminate any portion of the sensitive discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material except in conformity with this Stipulation and Order;

4. The defendant may review the sensitive discovery material only in the presence (including by remote video connection) of defense counsel or Defense Counsel's Legal Staff. The defendant is prohibited from having possession, custody, or control of the sensitive discovery material, except to the extent necessary for the defendant to review the sensitive discovery material in the presence (including by remote video connection) of defense counsel or Defense Counsel's Legal Staff. Defense counsel may review the sensitive discovery material with the defendant, but may not permit the defendant to retain such materials, or copies thereof;

5. The sensitive discovery material can be used by the defendant and defense counsel only for purposes of plea negotiations, trial preparation, defense at trial against the charges set forth in the above-captioned matter, and any related appellate and collateral matters arising from any trial on these charges. Should the defendant or defense counsel wish to use the sensitive discovery material for any other purpose, defense counsel must provide advance notice to the government and make an application with the Court for authorization to use the materials for that purpose. Such notice must be given to the government sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure;

6. Where the defendant and/or defense counsel wishes to disclose any portion of the sensitive discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material to any individual to whom disclosure is not authorized by paragraph 1, defense counsel must provide advance notice to the government. Such notice must identify the item that defense counsel wishes to disclose, but need not identify the individual to whom defense counsel wishes to show the

item.  If the government does not agree that the item of sensitive discovery material may be shown to an individual, it will notify defense counsel for the party requesting the disclosure in writing within five business days of receiving the notice.  In this event, defense counsel may file an application to the Court for authorization to make such disclosure.  Such application may be filed ex parte.  However, notice of the application, which identifies the item of sensitive discovery material that the defense wishes to disclose, must be provided to the government so that the government may respond to the Court regarding the propriety of such disclosure and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure;

7. At the later of the conclusion of any trial of the defendant, sentencing, and any direct appeal in this matter and/or collateral proceedings, or when defense counsel ceases to represent the defendant, the sensitive discovery material shall be either returned to the government or destroyed.

8. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:     Brooklyn, New York
           August 17, 2021

                              JACQUELYN M. KASULIS
                              Acting United States Attorney
                              Eastern District of New York

                        By:   _____
                              Garen S. Marshall
                              Assistant U.S. Attorney


                        By:   _____  8/17/2021
                              Douglas Morris, Esq.
                              Attorney for Ibn Cheatham


SO ORDERED
this 26 day of August, 2021

   /s Eric Komitee
_____
THE HONORABLE ERIC R. KOMITEE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK