1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - -X
 UNITED STATES OF AMERICA,    :  21-CR-00422(EK)(VMS)
                              :
                              :
                              :
                              :  United States Courthouse
     -against-                :  Brooklyn, New York
                              :
                              :
                              :
                              :  Wednesday, April 13, 2022
 IBN CHEATHAM,                :  11:40 a.m.
                              :
         Defendant.           :
                              :
                              :
- - - - - - - - - - - - - - -X
```

TRANSCRIPT OF Criminal Cause for Pleading
BEFORE THE HONORABLE MAGISTRATE JUDGE VERA M. SCANLON

A P P E A R A N C E S:

For the Government:      BREON S. PEACE, ESQ.
                         United States Attorney
                         Eastern District of New York
                              271 Cadman Plaza East
                              Brooklyn, New York 11201
                         BY: GAREN S. MARSHALL, ESQ.
                              Assistant United States Attorney

For the Defendant:       FEDERAL DEFENDERS OF NEW YORK
                         Attorneys for the Defendant -
                         Ibn Cheatham
                              One Pierrepont Plaza
                              16th Floor
                              Brooklyn, New York  11201
                         BY: ALLEGRA W. GLASHAUSSER, ESQ.

Court Reporter:  Jennifer Thun, CSR
                 Official Court Reporter
                 Telephone: (718) 613-2567
                 Fax:  718-613-2498
                 E-mail: JenniferThun.csr@Gmail.com
Proceedings recorded by computerized stenography.  Transcript
produced by Computer-aided Transcription.

Criminal Cause for Sentencing                    2

1          (In open court; defendant present.)

2          COURTROOM DEPUTY:  All rise.

3          The United States District Court for the Eastern

4    District of New York is now in session.  The Honorable

5    Magistrate Judge Vera M. Scanlon is now presiding.

6          The COURTROOM DEPUTY:  Calling Criminal Cause for

7    Pleading in Docket No. 21-CR-00422, *United States of America*

8    *against Ibn Cheatham*.

9          Counsel, can you state your name for the record,

10   starting with the government.

11         MR. MARSHALL:  Garen Marshall for the United

12   States.  Good morning, your Honor.

13         THE COURT:  Good morning.

14         MS. GLASHAUSSER:  Good morning, your Honor.

15   Allegra Glasshausser for Mr. Cheatham, who is also with us.

16         THE COURT:  Good morning.

17         Mr. Cheatham, I am Judge Scanlon.  We are here for

18   a change plea of hearing.  I am going to start with questions

19   for the government and then move on to talking to you and

20   your lawyers.

21         For the government, are there any victims of the

22   offense; and if so, has the government fulfilled its

23   obligations of today's hearing and their right to attend and

24   be heard?

25         MR. MARSHALL:  Yes, your Honor, there are victims

Criminal Cause for Sentencing                    3

1  and the proper notifications were made.

2          THE COURT:  Are any of them attending today?

3          Those are my staff.

4          MR. MARSHALL:  It is not clear, your Honor.  I

5  expect them to be present at sentencing.

6          THE COURT:  So, Mr. Cheatham, we are going to start

7  with an oath.  I am going to ask my deputy to administer an

8  oath to you.

9          THE DEPUTY CLERK:  Mr. Cheatham, can you please

10  stand and raise your right hand.

11          (Defendant sworn.)

12          THE DEPUTY CLERK:  Can you state your full name for

13  the record.

14          THE DEFENDANT:  Ibn Cheatham.

15          THE COURT:  I think both of those microphones

16  should work.  If you want to pull one closer to counsel and

17  one closer to you, Mr. Cheatham, and make sure the green

18  light is on on the base.

19          So, Mr. Cheatham, as you may know your case has

20  been assigned to a district judge.  That is Judge Komittee.

21  Judge Komittee is the judge who will make the ultimate

22  decision as to whether to accept your guilty plea; and if he

23  does, to sentence you.

24          You have the right to have the district judge

25  listen to your change of plea hearing; and if you decide to

Criminal Cause for Sentencing                    4

1    do that, there is no prejudice to you.

2             Do you understand?

3             THE DEFENDANT:  Yes.

4             THE COURT:  As you can see we have a court reporter

5    here.  The court reporter is taking down what is being said

6    here today.  At the end of the proceeding, she will prepare a

7    transcript, a written record, of what is said here today and

8    that will be provided to Judge Komittee.  Judge Komittee will

9    read that, as well as review other materials in connection

10   with deciding whether to accept your plea; and if he does,

11   with your sentence.

12            Do you understand the process?

13            THE DEFENDANT:  Yes.

14            THE COURT:  Do you wish to give up your right to

15   have the district judge listen to your plea and instead

16   proceed here before me today?

17            THE DEFENDANT:  Yes.

18            THE COURT:  In connection with your exercise of

19   your right to waive proceeding before Judge Komittee and

20   instead to proceed before me, I have a pain -- I am holding

21   up my copy of it -- and it is called Consent to Have a Plea

22   Taken before U.S. Magistrate Judge Vera M. Scanlon.

23            Are you familiar with this form?

24            THE DEFENDANT:  Yes.

25            THE COURT:  Did you read it?

1           THE DEFENDANT:  Yes.

2           THE COURT:  Do you understand it?

3           THE DEFENDANT:  Yes.

4           THE COURT:  Did you go over it with your lawyer?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Did you have enough time to talk to

7   your lawyer about it?

8           THE DEFENDANT:  Yes.

9           THE COURT:  Are you in agreement with what the form

10  says?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Did you sign the form?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Ms. Glasshausser, did you also sign the

15  form?

16          MS. GLASHAUSSER:  Yes, your Honor.

17          THE COURT:  Mr. Marshall, did you sign for the

18  government?

19          MR. MARSHALL:  Yes, your Honor.

20          THE COURT:  Mr. Cheatham, are you consenting to

21  proceeding before me voluntarily and of your own free will?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Has anyone made any threats or promises

24  to you to get you to proceed before me?

25          THE DEFENDANT:  No.

Criminal Cause for Sentencing                              6

1          THE COURT:  So based on what you've said and what

2     the attorneys have said, I believe you understand your rights

3     to proceed before the district judge and that you're

4     knowingly and voluntarily waiving that right.

5               I am also signing this form and will file that.

6               So, Mr. Cheatham, as we go along today, I will have

7     to ask you a number of questions in order to ensure that your

8     plea is in fact a valid plea.  If you don't understand what I

9     say, if you don't understand my questions, you can either ask

10    me and I will try to clarify it for you or you can take a

11    moment and speak with your attorney.

12              Do you understand that?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Do you also understand that you have

15    the right to be represented by an attorney at trial and at

16    every other stage of the proceeding, including today's

17    proceeding?

18         THE DEFENDANT:  Yes.

19         THE COURT:  If you can't afford an attorney, the

20    Court would appoint an attorney to represent you?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Is it correct that Ms. Glasshausser has

23    been appointed to represent you?

24         THE DEFENDANT:  Yes.

25         THE COURT:  So as I mentioned, if at any time you

Criminal Cause for Sentencing                    7

1   would like to speak with her, please let me know and I will

2   let you do so.

3           Do you understand?

4           THE DEFENDANT:  Yes.

5           THE COURT:  When Ms. Quinlan administered the oath

6   to you, in taking that oath you swore to tell the truth.

7   This means that if you answer any of my questions falsely,

8   those answers may later be used against you in a separate

9   prosecution for the crime of perjury or the crime of making a

10  false statement.

11          Do you understand?

12          THE DEFENDANT:  Yes.

13          THE COURT:  We are going to start with some

14  background questions.

15          For the record what is your full name?

16          JUROR:  Ibn Erectek Cheatham.

17          THE COURT:  Cheatham is your last name?

18          THE DEFENDANT:  Yes.

19          THE COURT:  How old are you?

20          THE DEFENDANT:  28.

21          THE COURT:  What is the highest level of education

22  that you completed in school?

23          THE DEFENDANT:  Twelfth grade.

24          THE COURT:  Where did you go to school?

25          THE DEFENDANT:  East Side High School.

```
                    Criminal Cause for Sentencing              8

 1              THE COURT:  Where is that?

 2              THE DEFENDANT:  Milton, New Jersey.

 3              THE COURT:  Did you graduated?

 4              THE DEFENDANT:  Yes.

 5              THE COURT:  What year did you graduate?

 6              THE DEFENDANT:  2012.

 7              THE COURT:  After grading from high school, have

 8    you had any other formal education?

 9              THE DEFENDANT:  No.

10              THE COURT:  Now different kinds of background

11    questions.

12              Are you presently or have you recently been under

13    the care of a doctor?

14              THE DEFENDANT:  No.

15              THE COURT:  Are you presently or have you recently

16    been under the care of any mental health professional, such

17    as psychologist, psychiatrist, or social worker?

18              THE DEFENDANT:  No.

19              THE COURT:  Have you ever been hospitalized or

20    treated for a mental illness?

21              THE DEFENDANT:  No.

22              THE COURT:  Have you ever been hospitalized or

23    treated for drugs or alcohol?

24              THE DEFENDANT:  Yes.

25              THE COURT:  So, tell me a bit about that treatment.
```

```
                Criminal Cause for Sentencing                9
```

1           THE DEFENDANT:  I was in a program -- a drug

2   treatment program.

3           THE COURT:  When was that?

4           THE DEFENDANT:  2000 -- 2020.

5           THE COURT:  2020 was the beginning of the pandemic

6   if that helps.  So is the program in 2020?

7           THE DEFENDANT:  Yes.

8           THE COURT:  How long did it run for?

9           THE DEFENDANT:  It was -- it would still be going

10  on, but I quit when I got in trouble.

11          MS. GLASHAUSSER:  He got arrested while it was

12  still going on is what he said.

13          THE COURT:  So when did you stop going to the

14  program?

15          THE DEFENDANT:  2021, January.

16          THE COURT:  Was that for an addiction to drugs?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Since you stopped going to that

19  program, have you received any treatment for this addiction

20  to drugs?

21          THE DEFENDANT:  No.

22          Yes, yes, yes.  Right now I am in the Suboxone

23  program in MDC.

24          THE COURT:  What is the name of the program?

25          THE DEFENDANT:  MAT, the MAT Program.

Criminal Cause for Sentencing                    10

1          MS. GLASHAUSSER:  It is a Suboxone program where he

2    receives Suboxone.

3          THE COURT:  Drug?

4          MS. GLASHAUSSER:  Yes.  Each month.

5          THE COURT:  When was the last time you were

6    supposed to receive the Suboxone?

7          THE DEFENDANT:  The first of the month.

8          THE COURT:  Did you receive it then?

9          THE DEFENDANT:  Yes.

10         THE COURT:  Besides that treatment program, are you

11   receiving any other care related to an addiction to drugs?

12         THE DEFENDANT:  No.

13         THE COURT:  Is there anything about your experience

14   and addiction to drugs that would interfere with your ability

15   to understand today's proceeding?

16         THE DEFENDANT:  No.

17         THE COURT:  Is there anything about the Suboxone

18   that will interfere with your ability to understand today's

19   proceeding?

20         THE DEFENDANT:  No.

21         THE COURT:  In addition to the treatment that you

22   received in 2020 and your current participation in a Suboxone

23   program -- MAT Program -- have you received any other

24   treatment for an addiction to drugs or alcohol?

25         THE DEFENDANT:  No.

```
                Criminal Cause for Sentencing          11
```

1          THE COURT:  Are you taking any medications --

2          THE DEFENDANT:  No.

3          THE COURT:  -- besides the Suboxone?

4          THE DEFENDANT:  No.

5          THE COURT:  That's the only one.

6          So in the past 24 hours have you consumed any drugs

7     or alcohol?

8          THE DEFENDANT:  No.

9          THE COURT:  In the past 24 hours have you taken any

10    medication?

11         THE DEFENDANT:  No.

12         THE COURT:  Is your mind clear as you sit here

13    today?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Do you understand these proceedings?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Are you suffering from any physical

18    ailment?

19         THE DEFENDANT:  No.

20         THE COURT:  I am go to ask your attorney some

21    questions, and then I will come back to you.

22         Ms. Glasshausser, have you discussed this case with

23    your client?

24         MS. GLASHAUSSER:  Yes, your Honor.

25         THE COURT:  Have you had any difficulty

Criminal Cause for Sentencing                    12

1    communicating with him?

2           MS. GLASHAUSSER:  No, your Honor.

3           THE COURT:  In your opinion is he capable of

4    understanding the nature of these proceedings?

5           MS. GLASHAUSSER:  Yes, your Honor.

6           THE COURT:  In your opinion does he understand the

7    charges against him?

8           MS. GLASHAUSSER:  Yes, your Honor.

9           THE COURT:  In your opinion does he understand the

10   rights that he will be waiving if he goes ahead with his

11   change of plea?

12          MS. GLASHAUSSER:  Yes, your Honor.

13          THE COURT:  Do you have any doubt as to his

14   competence to plead at this time?

15          MS. GLASHAUSSER:  No, your Honor.

16          THE COURT:  Have you advised him of the operation

17   of the sentencing guidelines in this case?

18          MS. GLASHAUSSER:  I have.

19          THE COURT:  Have you discussed with him the

20   possible sentencing consequences, including the maximum term

21   of imprisonment?

22          MS. GLASHAUSSER:  Yes, your Honor.

23          THE COURT:  Have you also discussed with him the

24   minimum term of imprisonment that may be imposed with regard

25   to Count Three.

Criminal Cause for Sentencing                13

1          MS. GLASHAUSSER:  Yes, your Honor.

2          THE COURT:  Do you believe he understood everything

3    that you said?

4          MS. GLASHAUSSER:  Yes, your Honor.

5          THE COURT:  Mr. Cheatham, have you had a sufficient

6    opportunity to discuss this case with your attorney?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Did you have any difficulty

9    communicating with your attorney?

10          THE DEFENDANT:  No.

11          THE COURT:  Are you fully satisfied with the

12   representation and advice given to you in your case by

13   Ms. Glasshausser?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Did you receive a copy of the document

16   in your case called the indictment?

17          I think your lawyer is showing you a copy.

18          THE DEFENDANT:  Yes.

19          THE COURT:  Did you read it?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Do you understand everything that is in

22   the indictment.

23          THE DEFENDANT:  Yes.

24          THE COURT:  Did you review it with your attorney?

25          THE DEFENDANT:  Yes.

Criminal Cause for Sentencing                        14

1          THE COURT:  Did you have a sufficient opportunity
2     to do so?
3          THE DEFENDANT:  Yes.
4          THE COURT:  Counsel, do you want me to read the
5     indictment aloud.
6          MS. GLASHAUSSER:  No, your Honor.
7          THE COURT:  So at this point, Mr. Cheatham, I am
8     going to explain some of your rights in a criminal proceeding
9     as they relate to the proposed change of plea.  First and
10    most important, you should understand that you do not have to
11    plead guilty even if you are guilty.  Under the American
12    legal system, the government or prosecution has the burden of
13    proving the guilt of a defendant beyond a reasonable doubt.
14    If the government does not meet the burden of proof, then the
15    jury at trial has the duty to find you not guilty even if you
16    were guilty.
17          Do you understand?
18          THE DEFENDANT:  Yes.
19          THE COURT:  So for you, you have a choice to make
20    even if you are guilty.  What happens in the case is totally
21    up to you with regard to the proposed change of plea.  It is
22    not your lawyer's decision, your family's decision, or anyone
23    else's decision.  It is solely your decision.
24          You can withdraw your previously entered plea of
25    not guilty, as I am told you wish to do, and plead guilty; or

1  you can choose to go to trial.  If you would like to go to

2  trial, when I ask you how you plead, you should say, Not

3  guilty.

4          Do you understand?

5          THE DEFENDANT:  Yes.

6          THE COURT:  If you do that, you will make the

7  government meet its burden of proving your guilt beyond a

8  reasonable doubt at trial and if the government were to fail

9  in that effort, the jury would have the duty to find you not

10 guilty.

11         Do you understand?

12         THE DEFENDANT:  Yes.

13         THE COURT:  I will now talk a little bit about some

14 of your trial-related rights.  If you plead not guilty, under

15 the Constitution and laws of the United States you are

16 entitled to a speedy and public trial by a jury with the

17 assistance of a lawyer on the charges contained in the

18 indictment that has been filed with the Court.  The

19 indictment is the document that I just talked about that

20 contains the charges against you.

21         Do you understand?

22         THE DEFENDANT:  Yes.

23         THE COURT:  At a trial, you would be presumed

24 innocent.  You do not have to prove your innocence.  It would

25 be the government's burden to overcome the presumption of

1    innocence and prove you guilty by competent evidence and

2    beyond a reasonable doubt.  Again, as I said earlier if the

3    government were to fail in that effort, then the jury would

4    have the obligation or the duty to find you not guilty.

5              Do you understand?

6              THE DEFENDANT:  Yes.

7              THE COURT:  If you plead guilty, you are giving up

8    your right to have the government satisfy its burden of

9    proving you guilty beyond a reasonable doubt.  Instead, you

10   will be admitting your guilt.

11             Do you understand?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Were there to be a trial in your case,

14   during that trial witnesses for the government would have to

15   come to court and testify in your presence.  Your attorney

16   could cross-examine those witnesses for the government.  Your

17   attorney could object to evidence offered by the government

18   and offer witnesses on your behalf.  Your attorney could

19   subpoena or compel witnesses to come to court and testify.

20             Do you understand all of these rights?

21             THE DEFENDANT:  Yes.

22             THE COURT:  If you decide to plead guilty and I

23   recommend to the district judge that he accept your plea and

24   that is what he does, you are giving up these rights.  You

25   are giving up your right to a trial.  You are giving up your

1    right to confront witnesses who would testify against you.

2    You are giving up your right to offer evidence on your own

3    behalf and to compel witnesses to come to court and testify

4    and to raise any defenses that you may have.

5          Do you understand?

6          THE DEFENDANT:  Yes.

7          THE COURT:  At a trial in your case, you would have

8    the right to testify on your own behalf if you wanted to do

9    so; but you could not be forced to testify.  Under the

10   Constitution of the United States, a defendant in a criminal

11   case cannot be forced to take the witness stand and say

12   anything that could be used against him to show that he is

13   guilty of the crime or crimes with which he is charged.  So

14   if you decided not to testify at your own trial, the judge

15   would tell the jurors that the jurors could not hold that

16   against you.

17         Do you understand this right?

18         THE DEFENDANT:  Yes.

19         THE COURT:  The right is sometimes called the

20   taking the 5th, the right against self-incrimination.  The

21   reason people say taking the 5th is that it is a reference to

22   the Fifth Amendment to the U.S. Constitution that includes

23   that right.

24         Do you understand this right?

25         THE DEFENDANT:  Yes.

1    THE COURT:  If you decide to go ahead with your

2 guilty plea, I am going to have to ask you questions in order

3 to satisfy myself and in turn the district judge that you are

4 in fact guilty of the count or counts to which you are

5 pleading guilty.  You are going to have to answer my

6 questions truthfully and acknowledge your guilt.  You will be

7 answering those questions subject to the oath that

8 Ms. Quinlan administered earlier; and when you took that

9 oath, you promised to tell the truth.

10    Do you understand?

11    THE DEFENDANT:  Yes.

12    THE COURT:  It is not going to be enough for you to

13 simply to say that you are guilty.  You will have to tell me

14 what it is that you did such that you are in fact guilty of

15 the counts to which you are pleading guilty.

16    Do you understand?

17    THE DEFENDANT:  Yes.

18    THE COURT:  If you decide to go ahead with the

19 guilty plea and I recommend to the district judge that he

20 accept your plea and that is what he does, you will be giving

21 up the rights that I just went over.  You will be giving up

22 your constitutional right to a trial and all of the other

23 rights that I just discussed.  There will not be a trial in

24 your case.  Instead, if the district judge accepts your

25 guilty plea, he will enter a judgment of guilty based solely

Criminal Cause for Sentencing                    19

1    on that plea.

2              Do you understand?

3              THE DEFENDANT:  Yes.

4              THE COURT:  If after you are sentenced normally if

5    you or your attorney thinks the judge has not properly

6    followed the law in sentencing you, you can appeal the

7    sentence to a higher court; but by pleading guilty, you will

8    not, except under very limited circumstances, be able to

9    challenge the judgment of conviction either directly by

10   appeal or indirectly by what we call a collateral attack.

11             Do you understand.

12             THE DEFENDANT:  Yes.

13             THE COURT:  I am going to go over the plea

14   agreement in detail in a couple minutes.  I am just going to

15   briefly draw your attention to one thing in the plea

16   agreement that may be a limitation on what I just said.

17             On page 4, paragraph 4, the first sentence it says,

18   The defendant agrees not to file an appeal or otherwise

19   challenge by petition pursuant to 28, United States Code,

20   Section 2255, or any other provision, the conviction or

21   sentence in the event that the Court imposes a term of

22   imprisonment of 365 months or below.

23             Do you understand that?

24             THE DEFENDANT:  Yes.

25             THE COURT:  We will come back to the plea agreement

Criminal Cause for Sentencing                    20

1    in a couple minutes.

2            Are you willing to give up your right to a trial

3    and all the other rights that I just discussed?

4            THE DEFENDANT:  Yes.

5            THE COURT:  Do you understand that under certain

6    circumstances, the government could appeal a sentence imposed

7    by the district judge?

8            THE DEFENDANT:  Yes.

9            THE COURT:  So back to the plea agreement.

10           Looking at the agreement on page 10, which is the

11   last page of the document -- I should note for the record I

12   marked this plea agreement as Court Exhibit 1.  So I may

13   refer to it as Court Exhibit 1, or as the plea agreement.

14           On page 10 in the middle of the page it says the

15   following:  I have read the entire agreement and discussed it

16   with my attorney.  I understand all of its terms and I am

17   entering into it knowingly and voluntarily.

18           Do you see those statements in the copy that you

19   have there?

20           THE DEFENDANT:  Yes.

21           THE COURT:  Are those statements correct

22   statements?

23           THE DEFENDANT:  Yes.

24           THE COURT:  Right below those two sentences, there

25   is a line where you name is printed and above that there is

```
              Criminal Cause for Sentencing              21
```

1    signature.

2            Is that your signature?

3            THE DEFENDANT:  Yes.

4            THE COURT:  Ms. Glasshausser, did you sign the

5    agreement right below also?

6            MS. GLASHAUSSER:  Yes.

7            THE COURT:  Mr. Marshall, did you sign the plea

8    agreement for the government?

9            MR. MARSHALL:  Yes, your Honor.

10           THE COURT:  And then the indication is that

11   Ms. Saso signed the agreement.

12           Is that her signature?

13           MR. MARSHALL:  Yes, it is.

14           THE COURT:  What is her role in this case?

15           MR. MARSHALL:  She is my direct supervisor.

16           THE COURT:  She supervised you on this case; is

17   that correct?

18           MR. MARSHALL:  She did, your Honor.

19           THE COURT:  Let me ask defense counsel:  Were all

20   formal plea offers by the government conveyed to

21   Mr. Cheatham?

22           MS. GLASHAUSSER:  Yes, your Honor.

23           THE COURT:  So, Mr. Cheatham, did you read this

24   entire plea agreement, the document I have marked as Court

25   Exhibit 1?

Criminal Cause for Sentencing                22

1          THE DEFENDANT:  Yes.

2          THE COURT:  Did you review it with your attorney?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Did you have enough time and

5    opportunity to review it with your attorney?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Do you understand everything in the

8    plea agreement?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Does this plea agreement, Court

11   Exhibit 1, represent accurately the entire understanding or

12   agreement that you have with the United States government?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Has anyone made any promise or

15   assurance to you not included in this document to persuade

16   you to accept the plea agreement?

17          THE DEFENDANT:  No.

18          THE COURT:  Do you understand that question?

19          THE DEFENDANT:  Yes.

20          Let me ask it again just to make sure.

21          Has anyone made any promise or assurance to you not

22   included in the plea agreement to persuade you to accept the

23   agreement?

24          THE DEFENDANT:  No.

25          THE COURT:  Has anyone threatened you in any way to

1    persuade you to accept the plea agreement?

2              THE DEFENDANT:  No.

3              THE COURT:  Defense counsel, did you read and

4    review with Mr. Cheatham the written plea agreement that is

5    before the Court and marked as Court Exhibit 1?

6              MS. GLASHAUSSER:  Yes, your Honor.

7              THE COURT:  Does it reflect your understanding of

8    the entire agreement that your client has entered into with

9    the government?

10             MS. GLASHAUSSER:  Yes, your Honor.

11             THE COURT:  Mr. Cheatham, do you understand if you

12   fail to comply fully with your agreement with the government,

13   the government will be released from it obligations, but you

14   will not be released from the guilty plea.

15             Do you understand that?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Do you understand that if the district

18   judge does not accept the plea agreement and instead rejects

19   it, only then would you have the opportunity to withdraw the

20   plea and change it to not guilty.

21             Do you understand?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Let's go over the possible sentencing

24   scheme.  This is outlined in paragraph 1 of the agreement.

25             So, what is proposed here is that you are going to

1  plead guilty to Count Two and Count Three of the indictment.

2  Count Two charges you with committing physical violence in

3  further of extortion in violation of federal law 18, United

4  States Code, Sections 1951(a) and 3551.

5          Do you understand that?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Count Three charges you with using,

8  carrying, and possessing a firearm in violation of federal

9  law, particularly 18, United States Code,

10 Section 924(c)(1)(A)(ii).  It also charged you with a

11 violation of (i) as well.

12         Do you understand?

13         THE DEFENDANT:  Yes.

14         THE COURT:  So there are two different counts and

15 they have different sentencing schemes.  So this again is

16 outlined in the plea agreement, but I am going to go over

17 both counts.  Some of it overlaps, but I want to make sure

18 you understand what goes with which count.

19         So the first count that is proposed you are going

20 to plead guilty to is Count Two.  That is the one that is

21 committing physical violence in furtherance of an extortion

22 in violation of 18, United States Code, Section 1951(a).  The

23 maximum term of imprisonment that can be imposed is 20 years

24 and the minimum term of imprisonment that can be imposed is

25 zero years.

Criminal Cause for Sentencing                    25

1          Do you understand that?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Do you understand there is no parole in

4    the federal system so that if you are sentenced to a period

5    of imprisonment, you should not expect that you will be

6    released on parole.

7          Do you understand that?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Additional possible sentencing

10   consequences with regard to Count Two include the following:

11   The maximum supervised release term that can be imposed is

12   three years.  It would follow a term of imprisonment.  If you

13   were to violate a condition of your supervised release, you

14   could be sentenced for up to two years and that would be

15   without credit for prerelease imprisonment or time previously

16   served on postrelease supervision.

17         Do you understand?

18         THE DEFENDANT:  Yes.

19         THE COURT:  The maximum fine that can be imposed is

20   $250,000.

21         Do you understand?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Restitution is mandatory in the full

24   amount of each victim's losses as determined by the Court.

25         Do you understand that?

1          THE DEFENDANT:  Yes.

2          THE COURT:  You have to be charged a $100 special

3    assessment.

4          Do you understand that?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Additionally, there is a provision for

7    forfeiture in the plea agreement that is transcribed in

8    paragraphs 6 through 13.

9          Have you read those paragraphs?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Do you understand them?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Did you review them with your attorney?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Did you have a sufficient opportunity

16   to review them with your attorney?

17         THE DEFENDANT:  Yes.

18         THE COURT:  Let me just go back to the supervised

19   release term.  Just to let you know if you are placed on

20   supervised release, there may be many restrictions on your

21   liberty including but not limited to having to report to a

22   Probation officer and limitations on travel.

23         Do you understand?

24         THE DEFENDANT:  Yes.

25         THE COURT:  The second count to which it is

Criminal Cause for Sentencing          27

1  proposed that you will plead guilty is Count Three of the

2  indictment, which is the using, carrying and possessing a

3  firearm in violation of a particular federal statute, 18,

4  United States Code, Section 924(c)(1)(A)(ii).  As noted in

5  the plea agreement, this is the second part of paragraph 1 of

6  the plea agreement.

7           The maximum term of imprisonment is life.

8           Do you understand that?

9           THE DEFENDANT:  Yes.

10          THE COURT:  The minimum term of imprisonment is

11  seven years.

12          Do you understand that?

13          THE DEFENDANT:  Yes.

14          THE COURT:  So I just remind you that there is no

15  parole in the federal system.  If you are sentenced to a term

16  of imprisonment, which is required here, with this statute in

17  Count Three that there is not going to be any parole.

18          Do you understand that?

19          THE DEFENDANT:  Yes.

20          THE COURT:  There is also provisions for supervised

21  release.  As I mentioned, if you are placed on supervised

22  release, you will be subject to many limitations on your

23  liberty, including but not limited to having to report to a

24  Probation officer and restrictions on your right to travel.

25          The maximum supervised release term is five years.

Criminal Cause for Sentencing                28

1    It would follow any term of imprisonment.  If you were to

2    violate a condition of release, you could be sentenced for up

3    to five years without credit for prerelease imprisonment or

4    time previously served on postrelease supervision.

5            Do you understand?

6            THE DEFENDANT:  Yes.

7            THE COURT:  The maximum fine that can be imposed is

8    $250,000.

9            Do you understand?

10           THE DEFENDANT:  Yes.

11           THE COURT:  This count differs from the previous

12   one in that there is not a provision for restitution, but you

13   do have to be charged a $100 special assessment.

14           Do you understand?

15           THE DEFENDANT:  Yes.

16           THE COURT:  Additionally, the sentence on these

17   counts must run consecutively.  So that would mean a sentence

18   on one count and then a sentence on the next count.  You

19   would not serve the sentences at the same time.  It would be

20   first the one sentence and then the next sentence.

21           Do you understand?

22           Why don't you take a moment to speak to your

23   attorney about it.

24           (Pause.)

25           THE COURT:  Did you have an opportunity to speak

Criminal Cause for Sentencing                    29

1    with your attorney?

2               THE DEFENDANT:  Yes.

3               THE COURT:  So let me just go back to the provision

4    we were talking about, which is as noted on page 3 the

5    sentence for these two counts have to run consecutively.

6    Meaning, one after the other and not at the same time.

7               Do you understand that?

8               THE DEFENDANT:  Yes.

9               THE COURT:  Do you need to talk to your lawyer

10   about it anymore?

11              THE DEFENDANT:  No.

12              THE COURT:  If you need the time, it's fine.

13              Do you want to talk to her about it?

14              THE DEFENDANT:  Yes.

15              THE COURT:  You will hear that noise so we don't

16   hear your conversation.

17              Go ahead.

18              (Pause.)

19              Just to go back again.  We were going over the part

20   of paragraph one at the top of page 3, which is the point

21   that the sentence on each count -- so we are talking about

22   Count Two and Three of the indictment -- has to run

23   consecutively.  Consecutively means one after the other with

24   regard to the sentence.  So you serve one sentence and then

25   the next one starts.  It is not that they can happen at the

```
                 Criminal Cause for Sentencing            30
```

1  same time and basically the same time count towards both

2  sentences.

3        Do you understand that?

4        THE DEFENDANT:  Yes.

5        THE COURT:  Did you have enough time to talk to

6  your lawyer about it?

7        THE DEFENDANT:  Yes.

8        THE COURT:  Do you want to keep going with this

9  agreement?

10        THE DEFENDANT:  Yes.

11        THE COURT:  So we have gone over what is outlined

12  in paragraph 1, which are the statutory penalties that apply

13  to Count Two and Count Three of the indictment.

14        Do you understand everything I say?

15        THE DEFENDANT:  Yes.

16        THE COURT:  Do you understand everything I just

17  laid out in the plea agreement, which will be the same as

18  what I said?

19        THE DEFENDANT:  Yes.

20        THE COURT:  Let me ask your attorney, is your

21  client a U.S. citizen?

22        MS. GLASHAUSSER:  Yes, your Honor.

23        THE COURT:  Do you want me to go over possible

24  immigration consequences, or I can skip that?

25        MS. GLASHAUSSER:  We don't need you to go over

Criminal Cause for Sentencing                          31

1   them.

2            THE COURT:  The reason I am asking, Mr. Cheatham,

3   is if you were not a U.S. citizen, then the conviction for

4   the felonies could have serious immigration consequences.

5   Your attorney says we do not need to go over that with regard

6   to you.

7            Let's talk about the sentencing process.  The

8   district judge does not have complete discretion to impose a

9   sentence outside of the statutory maximum and minimum

10  sentences set forth in the statute.  As I mentioned earlier

11  with regard to Count Two, the maximum term of imprisonment is

12  20 years and the minimum term of imprisonment is zero years.

13  With regard to Count Three, the maximum term of imprisonment

14  is life and the minimum term imprisonment is seven years.

15           Do you understand?

16           THE DEFENDANT:  Yes.

17           THE COURT:  Sentencing is a multistep process.  As

18  to the first step, the judge has to consider what are called

19  the advisory sentencing guidelines.  They have been prepared

20  by the United States Sentencing Commission to help judges

21  determine what is a reasonable sentence in a criminal case.

22           The second step is for the judge to consider

23  whether there are any factors present in your case that will

24  allow the judge to depart from the advisory sentencing

25  guidelines.  Judges can depart upwardly.  Judges can depart

Criminal Cause for Sentencing                    32

1    downwardly.

2            The third step is for the judge to consider factors

3    that are set forth in a particular federal statute.  We call

4    it 18, United States Code, Section 3553(a).  The judge weighs

5    those factors against the facts and circumstances of your

6    case.  It might be after doing all that analysis that the

7    judge decides to impose a guideline sentence.  It is also

8    possible that the judge may decide to impose a non guideline

9    sentence.

10           The practical thing for you is until the day of

11   sentencing when the judge has read the transcript of today's

12   proceedings, reviewed materials submitted by the lawyers,

13   heard from the government's lawyer, your lawyer, and you, you

14   cannot know with certainty what the sentencing guidelines

15   will say for your case and whether there will be grounds for

16   the judge to depart from them.  As I mentioned, judges can

17   depart upwardly and they can also depart downwardly.

18           Do you understand the sentencing process?

19           THE DEFENDANT:  Yes.

20           MS. GLASHAUSSER:  Your Honor, I think he wants to

21   ask me a question.

22           THE COURT:  Sure.  We will take a break.

23           (Pause.)

24           THE COURT:  So that it is completely clear to you,

25   you have the right to talk to your lawyer during today's

Criminal Cause for Sentencing                    33

1  proceeding any time you want.  We are completely fine with

2  it.  If you need more time to think about what you want to do

3  in this case, we can take a break for today and put this on

4  and pick it up another day if you need time to think about

5  it.  It's totally up to you.  You can let me know now if you

6  want to keep going.

7         THE DEFENDANT:  Keep going.

8         THE COURT:  If you decide you want to take a break.

9  I know we will have to look at the schedule -- we can pick it

10  up at a time appropriate for you and the lawyers.

11         Okay?

12         THE DEFENDANT:  All right.

13         THE COURT:  Again, the reason I am asking you all

14  these questions and the reason I am explaining everything is

15  we want to make sure that if you want to go ahead with the

16  plea agreement and you want to plead guilty to these two

17  counts, it is completely voluntary and completely your

18  decision and that you do it understanding all of your rights

19  and all of the consequences; okay?

20         It is totally fine if you tell me you need more

21  time to think.  That's completely fine; okay?

22         THE DEFENDANT:  All right.

23         THE COURT:  You can tell me that now.  You can tell

24  me that five minutes from now.  Whenever you want.

25         Okay?

1          THE DEFENDANT:  I can finish.  I am all right.

2          THE COURT:  Okay.  So what I just told you was how

3    the sentencing process works.  It is possible that the

4    lawyers have an estimate as to what the sentencing guidelines

5    may say in your case, and I am going to ask them what that

6    is; but you should keep in mind that they might have made a

7    mistake, they might be missing information, or information

8    might change between now and the time of sentencing.  This is

9    to give you some information, but it may not ultimately be

10   what your sentence is.

11         Do you understand?

12         THE DEFENDANT:  Yes.

13         THE COURT:  I am going to ask the government to

14   tell me what you think the sentencing guidelines estimate is

15   in this case; and this is outlined, I think, in paragraph 2

16   of the agreement.

17         Correct?

18         MR. MARSHALL:  That is correct, your Honor.

19         THE COURT:  All right.

20         MR. MARSHALL:  Your Honor, the government estimates

21   that assuming that the defendant is considered by the Court

22   to be a career offender that his sentencing would be pursuant

23   -- the guidelines would be outlined in Section 4B1.1(c)(2)(B)

24   and (c)(3) of the United States Sentencing Guidelines.

25         Accordingly, if convicted of these two charges

1  following trial, his sentencing guideline the estimated

2  sentencing guidelines would be 360 months to life; but with a

3  two-level reduction for acceptance of responsibility, it

4  becomes 292 to 365 months.  And with an additional one-point

5  reduction -- so a three-level reduction -- the estimated

6  guidelines range is 262 to 327 months' custody.  Of course,

7  this also considers the seven-year mandatory minimum sentence

8  on Count Three.

9          THE COURT:  The calculation that you think if he

10  has a three-point reduction is also taking into account his

11  status as a career offender; correct?

12          MR. MARSHALL:  Yes.  That's correct, your Honor.

13          THE COURT:  Mr. Cheatham, do you understand what

14  the government just said?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Defense counsel, do you have any

17  comments or would you like to put on the record with regard

18  to the sentencing guidelines in this case?

19          MS. GLASHAUSSER:  Just that under the terms of the

20  plea agreement, we may challenge the career offender

21  designation if appropriate at sentencing.

22          THE COURT:  So the record is clear, that would have

23  a sufficient change with regard to the calculations here; is

24  that correct?

25          MS. GLASHAUSSER:  Correct, your Honor.

1          THE COURT:  So, Mr. Cheatham, do you understand the

2    attorneys have different views as to what the legal

3    conclusion should be as to some of the facts in the case and

4    as to what is the sentencing guidelines may say in your case?

5          Do you understand?

6          THE DEFENDANT:  Yes.

7          THE COURT:  If you decide to go ahead with the

8    plea, which is again totally up to you, it's still in the

9    context of Count Three having the minimum term of

10   imprisonment of seven years.

11         Do you understand that?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Do you need me to say more, or you

14   understood that?

15         THE DEFENDANT:  I understand.

16         THE COURT:  So you understand the estimates

17   provided here today are not binding on the government,

18   Probation, or the Court?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Do you understand that the lawyers

21   could be wrong, they could be missing information, or

22   information could change between now and the time of

23   sentencing or for some other reason what they said about the

24   guidelines turns out not to be the case at the time of

25   sentencing, none of that would be a reason for which you

Criminal Cause for Sentencing                    37

1    would be permitted to withdraw your plea of guilty?

2             Do you understand?

3             THE DEFENDANT:  Yes.

4             THE COURT:  Your ultimate sentence could turn out

5    to be different from any estimate that your attorney or the

6    government's attorney provided.

7             Do you understand that?

8             THE DEFENDANT:  Yes.

9             THE COURT:  It could turn out because of other

10   statutory sentencing factors the judge could impose a

11   sentence higher than the one called for by the advisory

12   sentencing guidelines.  If that were to happen, you would not

13   be permitted to withdraw your guilty plea simply because no

14   one could tell you in advance what your sentence would be.

15            Do you understand?

16            THE DEFENDANT:  Yes.

17            THE COURT:  Because that is so important, I am

18   going to ask you:  Do you understand that there is a

19   mandatory minimum of seven years on the second count, which

20   you are proposing to plead guilty?

21            THE DEFENDANT:  Yes.

22            THE COURT:  Do you understand that if you plead

23   guilty and are convicted, it would be being convicted of a

24   felony and that may result in the depravation of valuable

25   civil rights.

Criminal Cause for Sentencing                    38

1           Do you understand that?

2           THE DEFENDANT:  Yes.

3           THE COURT:  So I have gone over with you many of

4    the possible consequences to your guilty plea if accepted.

5           Do you understand these consequences?

6           THE DEFENDANT:  Yes.

7           THE COURT:  Did you go over them with your lawyer?

8           THE DEFENDANT:  Yes.

9           THE COURT:  Did you have a sufficient opportunity

10   to do so?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Let me ask another couple questions of

13   you.

14          We talked about a couple of the paragraphs in the

15   plea agreement in some detail.  That would be paragraphs 1

16   and 2.  We also mentioned and talked a little bit about the

17   paragraphs that relate to forfeiture, which is paragraphs 6

18   through 13.

19          I am going to ask you again have you read the

20   entire agreement?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Do you understand all of it?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Did you have a sufficient opportunity

25   to review it with your lawyer?

Criminal Cause for Sentencing                    39

1          THE DEFENDANT:  Yes.

2          THE COURT:  Did you in fact review it with your

3     lawyer?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Would you like to proceed with this

6     process subject to the plea agreement?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Is it your intention to be bound by the

9     plea agreement?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Now, I am going to switch my attention

12     to the government.

13          I am going to ask the government's attorney to

14     state on the record what the elements of the two offenses to

15     which it is proposed you are going to plead guilty are.  I am

16     going to note that the government submitted to the Court and

17     I believe provided to defense counsel a two-page elements

18     sheet that outlines this information as well.

19          Defense counsel, do you have a copy of the element

20     sheet?

21          MS. GLASHAUSSER:  I do, your Honor.

22          THE COURT:  Government, state for the record what

23     the elements of the two counts to which it is proposed that

24     Mr. Cheatham plead guilty, which is Count Two, committing

25     violence in furtherance of an extortion; and Count Three,

 1   using, carrying and possessing a firearm.

 2           MR. MARSHALL:  Yes, your Honor.

 3           With regard to both counts, the relevant dates are

 4   on or about February 2nd, 2021, that this conduct took place

 5   within the Eastern District of New York, and elsewhere.

 6           With regard to Count Two, committing physical

 7   violence in furtherance of an extortion, there are three

 8   elements.  The first of which is that the defendant committed

 9   or threatened physical violence.  The second is that the

10   physical violence the defendant committed or threatened

11   furthered a plan or purpose to engage in extortion.  In other

12   words, that it was a plan to obtain property from another

13   with consent induced by actual or threatened force and

14   violence.  Third, that the extortionate plan or purpose would

15   have affected interstate or foreign commerce.

16           With regard to Count Three, again on or about

17   February 2nd, 2021, within the Eastern District of New York,

18   and elsewhere, there are four elements.  The first is that

19   the defendant committed a crime of violence for which he

20   might be prosecuted in a court of the United States, as

21   alleged here, Count Two of the indictment to which he is also

22   pleading -- to which he is expecting to plead.  Second, the

23   defendant knowingly used, carried or possessed a firearm.

24   Third, the defendant used or carried a firearm during and in

25   relation to or possessed the firearm in furtherance of the

Criminal Cause for Sentencing                41

1    crime of violence charged in Count Two.  Fourth, that the

2    defendant brandished the firearm.

3         THE COURT:  Defense counsel, do you agree that the

4    government correctly stated the elements of Count Two and

5    Count Three, which are the counts that is proposed that the

6    defendant will plead guilty?

7         MS. GLASHAUSSER:  Yes, your Honor.

8         THE COURT:  Back to the government.

9         What evidence will the government offer at trial to

10   show that Mr. Cheatham is in fact guilty of Count Two and

11   Count Three of the indictment?

12        MR. MARSHALL:  Your Honor, if the case were to

13   proceed to trial, the government would call witnesses, would

14   present electronic evidence, communications records, as well

15   as audio recordings, and physical evidence.  For example, the

16   government would call as witnesses -- as a witness the victim

17   identified in the indictment as John Doe, and another member

18   of the household who was home at the time of the defendant's

19   offenses.

20        The government would also introduce electronic

21   communications between the defendant and the victim, toll

22   records for their calls, and electronic records showing the

23   defendant's travel to and from the victim's home at the time

24   of the offenses.

25        THE COURT:  What would the evidence be with regard

Criminal Cause for Sentencing                42

1    to the interstate or foreign commerce elements?

2           MR. MARSHALL:  Yes, your Honor, there are several.

3    One of which is the defendant had records showing the

4    defendant's travel between New Jersey and New York in

5    furtherance of the offenses.  Another example would be a

6    withdrawal in relation to Count Two of cash from an ATM that

7    was connected by the internet to a federally insured

8    financial institution, and also is the use of the internet

9    and wires in making calls and using car-share applications to

10   communicate and facilitate the offenses.

11          THE COURT:  Defense counsel, do you agree the

12   government would be able to prove Mr. Cheatham's guilt at

13   trial as to Count Two and Count Three based on the evidence

14   just described by the government?

15          MS. GLASHAUSSER:  I agree there is no reason that

16   Mr. Cheatham should not plead guilty today.

17          THE COURT:  Do you know any reason why he should

18   not plead guilty?

19          MS. GLASHAUSSER:  No, your Honor.

20          THE COURT:  Are you aware of any viable legal

21   defense to either of the charges or both of the charges?

22          MS. GLASHAUSSER:  None that should prevent him from

23   pleading guilty today.

24          THE COURT:  Did you fully discuss the issues with

25   Mr. Cheatham?

1          MS. GLASHAUSSER:  I did, your Honor.

2          THE COURT:  Did you review the proposed evidence

3     with him?

4          MS. GLASHAUSSER:  Yes, your Honor.

5          THE COURT:  Did you review the possibility of his

6     raising one or more legal defenses to the charges against

7     him?

8          MS. GLASHAUSSER:  Yes, your Honor.

9          THE COURT:  In your professional opinion, is it in

10    Mr. Cheatham's best interest to plead guilty at this time?

11         MS. GLASHAUSSER:  Yes, your Honor.

12         THE COURT:  In your professional opinion, is it in

13    Mr. Cheatham's best interest to plead guilty pursuant to the

14    plea agreement with the government, which has been marked as

15    Court Exhibit 1?

16         MS. GLASHAUSSER:  Yes, your Honor.

17         THE COURT:  So, Mr. Cheatham, do you need an

18    opportunity to speak with your attorney at this time?

19         THE DEFENDANT:  No.

20         THE COURT:  Are you ready to plead?

21         THE DEFENDANT:  Yes.

22         THE COURT:  I am going to ask you about each count

23    separately first.

24         With regard to Count Two of the indictment, which

25    is committing physical violence in furtherance of an

1  extortion, how do you plead, guilty or not guilty?

2          THE DEFENDANT:  Guilty.

3          THE COURT:  With regard to Count Three of the

4  indictment, which is using, carrying and possessing a

5  firearm, how do you plead, guilty or not guilty?

6          THE DEFENDANT:  Guilty.

7          THE COURT:  So you will recall earlier in today's

8  proceeding I told you that I am going to have to ask you what

9  it is that you did such that you are in fact guilty of these

10  two counts.

11          In your own words please tell me what you did such

12  that you are guilty of Count Two and Count Three of the

13  indictment.

14          THE DEFENDANT:  On February 2nd, 2021, in the

15  Eastern District of New York, I brandished a gun as part of a

16  plan to get John Doe to consent to giving me money.

17          THE COURT:  Counsel, with regard to the interstate

18  commerce element?

19          MS. GLASHAUSSER:  We agree there is an interstate

20  element.

21          THE COURT:  You are stipulating to that?

22          MS. GLASHAUSSER:  Yes.

23          THE COURT:  Government, why don't you together

24  state what the stipulation is with regard to interstate

25  commerce, between you both.  Otherwise, I need more details.

Criminal Cause for Sentencing                     45

1        MS. GLASHAUSSER:  I stipulate to the fact that the

2   government mentioned that there is an interstate commerce

3   element here, specifically travel from New Jersey to New York

4   as part of the offenses.

5        THE COURT:  Mr. Cheatham, do you agree with that

6   stipulation?

7        THE DEFENDANT:  Yes.

8        THE COURT:  Defense counsel, is there anything else

9   that you would like your client to add to the record with

10  regard to the allocution?

11       MS. GLASHAUSSER:  No, your Honor.  Thank you.

12       THE COURT:  For the government, is that a

13  satisfactory allocution with regard to the elements and the

14  facts supporting those elements?

15       MR. MARSHALL:  Your Honor, I just would note the

16  defendant did state that he brandished a firearm in relation

17  to the -- in relation to the offense outlined in Count Two.

18  I would just ask the defense to stipulate to the fact that

19  the defendant did commit or threaten physical violence in

20  doing so and that the physical violence the defendant

21  committed or threatened furthered the plan to extort John

22  Doe.

23       THE COURT:  I think we already covered that.

24       So, Mr. Cheatham, is it correct that in committing

25  this offense, you brandished a weapon?

Criminal Cause for Sentencing                    46

1          THE DEFENDANT:  Yes.

2          THE COURT:  In doing so, I believe you said that

3    you could confirm it now that you did that in furtherance of

4    your plan to have John Doe give you money?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Is that correct?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And that you did that so that he would

9    agree to provide you with the money; is that correct?

10         THE DEFENDANT:  Yes.

11         THE COURT:  It is my understanding this is a

12   unified plea as to both the counts, number two and number

13   three in the indictment; is that correct, defense counsel?

14         MS. GLASHAUSSER:  Yes, your Honor.

15         THE COURT:  Government?

16         MR. MARSHALL:  Nothing further, your Honor.

17         THE COURT:  Let me ask Mr. Cheatham a couple of

18   other questions.

19         Are you pleading guilty voluntarily and of your own

20   free will?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Has anyone threatened you or forced you

23   to plead guilty?

24         THE DEFENDANT:  No.

25         THE COURT:  Other than the promises contained in

Criminal Cause for Sentencing                    47

1  the written agreement that you entered into with the

2  government, which is Court Exhibit 1, has anyone made any

3  other promise to you to induce you to plead guilty?

4              THE DEFENDANT:  No.

5              THE COURT:  Has anyone made any promise to you what

6  your final sentence will be?

7              THE DEFENDANT:  No.

8              THE COURT:  Do you understand that Count Three of

9  the indictment, which is the possessing and brandishing a

10  firearm during a crime of violence, includes a minimum term

11  of imprisonment of seven years?

12              THE DEFENDANT:  Yes.

13              THE COURT:  Do you still want to go ahead with this

14  plea despite that provision in the statute with regard to the

15  sentence?

16              THE DEFENDANT:  Yes.

17              THE COURT:  Are you pleading guilty to these two

18  counts of your own free will because you are in fact guilty

19  of Count Two and Count Three of the indictment?

20              THE DEFENDANT:  Yes.

21              THE COURT:  In this process of preparing your case,

22  and particularly today with regards to the sentencing

23  process, did you have a sufficient opportunity to speak to

24  your attorney?

25              THE DEFENDANT:  Yes.

```
                  Criminal Cause for Sentencing              48
```

1        THE COURT:  Are you satisfied with the legal

2    representation and advice given to you in this case by your

3    attorney?

4        THE DEFENDANT:  Yes.

5        THE COURT:  For defense counsel, is there anything

6    else you want to add to the record?

7        MS. GLASHAUSSER:  No, your Honor.  Thank you.

8        THE COURT:  Mr. Cheatham, based on the information

9    that you provided to me and what the attorneys have said, I

10   believe that you are fully competent and that you are capable

11   of entering an informed plea and that you are acting

12   voluntarily and that you understand the charges against you

13   and that you understand yours rights and you understand the

14   consequences of this plea to these two counts and that you

15   provided a factual basis for the plea to Count Two and Count

16   Three of the indictment in the record.  I therefore

17   respectfully recommend to the district judge that he accept

18   your plea of guilty to Count Two and Three of the indictment.

19   Again, Count Two is committing physical violence in

20   furtherance of an extortion; and Count Three is possessing

21   and brandishing a firearm during the crime of violence.

22        So, let's talk about a couple of practical things.

23        We are going to return the plea agreement to the

24   government.  The government should maintain custody of the

25   agreement.

Criminal Cause for Sentencing                    49

1      The sentencing date before the district judge is

2  July 27th, 2022 at 2:30.

3      Counsel should be in touch with Judge Komitee's

4  chambers to make sure that it is in person.  Obviously, that

5  will depend on the circumstances related to the pandemic.  So

6  just make sure.

7      There is going to be a report prepared about you,

8  Mr. Cheatham.

9      Do you want us to let Probation know that you would

10 like to be part of the interview process with regard to the

11 preparation of the report?

12     MS. GLASHAUSSER:  Yes, your Honor.

13     THE COURT:  We will include that information.

14     Obviously the defendant is in custody from the

15 docket, and the marshals are here.

16     Is there any reason not to change that?  Are you

17 making a bail application?

18     MS. GLASHAUSSER:  No, your Honor.  Thank you.

19     THE COURT:  Totally up to you.

20     I believe we covered any possible medical

21 conditions.  The only one, which was the drug treatment.

22     Is there anything that you need a medical memo for?

23     MS. GLASHAUSSER:  No, your Honor.

24     THE COURT:  Anything else I should include in the

25 record here today?

1        MS. GLASHAUSSER:  Not from the defense.  Thank you.

2        MR. MARSHALL:  Nothing from the government.  Thank

3   you, your Honor.

4        THE COURT:  So, Mr. Cheatham, you should stay in

5   touch with your attorney.  As I mentioned, there will be a

6   report prepared about you.  It will include a lot of details

7   about your life story, life history, and the circumstances of

8   these offenses.  It is helpful for the judge in making the

9   sentencing decision that he has a complete report about you.

10  Your attorney will help you with that process.  Stay in touch

11  with her.

12       Anything else?

13       MS. GLASHAUSSER:  No.  Thank you.

14       MR. MARSHALL:  Thank you, your Honor.

15       THE COURT:  Thank you.

16       (Adjourned.)

17

18

19

20

21

22

23

24

25